UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| BENJAMIN RAMEY, LOURDES BURGOS, and TYLER THOMSON, *on behalf of themselves and all others similarly situated,* <br><br> PLAINTIFFS, <br><br> v. <br><br> THE PENNSYLVANIA STATE UNIVERSITY, <br><br> DEFENDANT. | Case No. 2:20-cv-00753-RJC <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

---

Plaintiffs, Benjamin Ramey, Lourdes Burgos, and Tyler Thomson (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this First Amended Class Action Complaint against Defendant, The Pennsylvania State University (the "University" or "Defendant"), and allege as follows based upon information and belief, except as to the allegations specifically pertaining to them, which are based on personal knowledge.

**NATURE OF THE ACTION**

1.   This is a class action lawsuit on behalf of all persons who paid tuition and/or fees to attend The Pennsylvania State University[1] for an in-person, hands-on education for the Spring 2020 semester and had their course work moved to online learning. Such persons paid all or part of the tuition for the semester that ranged, for full-time students, from approximately $8,708 to

---

[1] Including all of the following branches and campuses: Abington, Altoona, Beaver, Behrend, Berks, Brandywine, Carlisle, DuBois, Fayette, Great Valley, Greater Allegheny, Harrisburg, Hazleton, Hershey, Lehigh Valley, Mont Alto, New Kensington, Schuylkill, Scranton, Shenango, University Park, Wilkes-Barre, Williamsport, and York.

$21,648, and a mandatory fee for the semester that included a Student Initiated Fee ranging from $27 to $218, depending on which branch campus you attend (the "Mandatory Fee").

2. The University has not refunded any amount of the tuition or any of the Mandatory Fee, even though it has implemented online distance learning starting on March 16, 2020.

3. On or about March 16, 2020, the University also stopped providing any of the services or facilities the Mandatory Fee was intended to cover because of the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic.

4. The University's failure to provide the services for which tuition and the Mandatory Fee were intended to cover since approximately March 16, 2020 is a breach of the contracts between the University and Plaintiffs and the members of the Class and is unjust.

5. In short, Plaintiffs and the members of the Class have paid for tuition for a first-rate education and an on-campus, in person educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiffs and the Class with the University. As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.'*"[2]

6. If Plaintiffs and members of the Class wanted to take online classes rather than in-person classes with the University, they could have enrolled with Penn State World Campus Online ("World Campus").

---

[2] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

7. As to the Mandatory Fee, Plaintiffs and the Class have paid fees for services and facilities which are simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiffs and the Class with the University.

8. Plaintiffs seek, for themselves and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fee, proportionate to the reduction in contracted for services provided during the time that remained in the Spring Semester 2020 when the University closed and switched to online distance learning. The return of such pro-rated amounts would compensate Plaintiffs and the Class members for damages sustained by way of Defendant's breach.

## PARTIES

9. Plaintiff Benjamin Ramey is an individual and citizen of Pennsylvania and resides in Westmoreland County, Pennsylvania. He paid to attend the Spring 2020 semester at the University as a full-time undergraduate student at the University's Behrend campus located in Erie, Pennsylvania. Plaintiff paid tuition for the Spring 2020 semester and the Mandatory Fees to enable him to obtain an in-person, on-campus educational experience and enable him to participate in the activities and to utilize the services covered by the Mandatory Fee that he paid. He has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, or the Mandatory Fee he paid after the University's facilities were closed and events were cancelled.

10. Plaintiff Lourdes Burgos is an individual and citizen of New York who resides in Bronx County, New York. Ms. Burgos is the parent of Penn State undergraduate student Jeffrey Binet. Plaintiff paid tuition for the Spring 2020 semester and the Mandatory Fees to enable her son to obtain an in-person, on-campus educational experience and enable him to participate in the

activities and to utilize the services covered by the Mandatory Fees that she paid. She has not been provided a pro-rated refund of tuition for the in-person classes that were discontinued and moved online, or the Mandatory Fees she paid after the University's facilities were closed and events were canceled.

11. Plaintiff Tyler Thomson is an individual and citizen of the state of New Jersey. He paid to attend the Spring 2020 semester at the University as a full-time undergraduate student. Plaintiff paid tuition for the Spring 2020 semester and the Mandatory Fees to enable him to obtain an in-person, on-campus educational experience and enable him to participate in the activities and to utilize the services covered by the Mandatory Fee that he paid. He has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, or the Mandatory Fee he paid after the University's facilities were closed and events were cancelled.

12. Defendant, The Pennsylvania State University, is one of the nation's largest public research universities with twenty campuses located throughout the state of Pennsylvania, as well as an online World Campus, and was founded in 1855. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate and graduate programs includes students from many, if not all, of the states in the country. Its principal campus is located in State College, Pennsylvania, but Defendant has 24 campuses around the state. Defendant is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members

of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

14. This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business by operating multiple campuses in this District, and soliciting students residing in this District to attend its institution.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, specifically, the contracts that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this district.

## **FACTUAL ALLEGATIONS**.

16. Plaintiffs and Class Members paid to attend the University's Spring 2020 semester including tuition and the Mandatory Fee.

17. The Spring 2020 semester at the University began on or about January 13, 2020. The Spring 2020 semester ended on or around May 8, 2020.

18. Tuition at the University for in-person education for the Spring 2020 Semester ranged from $8,708 to $21,648 for full-time students, depending upon the program and campus.

19. Tuition at the University online through its World Campus ranges from $6,994 to $7,549, substantially less than what is paid for in-person education.

20. Students have the ability to choose an in-person and on campus education, or education via the World Campus.

21. The price for an online education is significantly lower than what is paid for an in-person on campus education. The two educational options are promoted and priced differently, and are separate and distinct.

22. Plaintiffs and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the entire Spring 2020 semester.

23. Plaintiffs and the members of the Class paid the Mandatory Fee for the Spring 2020 semester so they could benefit throughout the Spring 2020 semester as follows:

> STUDENT INITIATED FEE: The Student Fee supports student-centered activities, services, facilities and recreation to improve student life and is the result of a student-led initiative to be more involved in the creation and allocation of student fees.

24. The University has retained the value of the tuition and Mandatory Fee, while failing to provide the services for which they were paid.

25. Members of the Class have demanded the return of the prorated portion of tuition, and have taken to an online petition to demand the same.[3]

26. Despite the demand from the Class, the University has not provided any refund of any tuition or Mandatory Fee and continues to retain the monies paid by Plaintiffs and the Class.

***In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes***

27. On March 11, 2020, the University announced that starting on March 16, when students were scheduled to return from spring break, all in-person classes were to be moved online for three weeks, and would return to in-person classes on April 6, 2020.

---

[3] https://www.change.org/p/pennsylvania-state-university-penn-state-give-students-a-partial-tuition-and-housing-refund

28. On March 12, 2020, the University announced that it was cancelling all sports throughout the end of the year and suspending all "athletically-related activities indefinitely." On March 13, 2020, the University closed all campus recreation facilities, programs and services.

29. On March 16, 2020, the University announced that it will be closing all retail eateries and retail bookstores starting on March 17. One dining option remained open for students still on-campus to retrieve take-out meals only.

30. On March 17, 2020, the University announced that starting on March 18, the University libraries would be limited to operations of only two hours per day. On March 19, the University restricted all access to libraries.

31. On March 18, 2020, the University made the decision to cancel in-person classes for the remainder of the Spring semester, extending online education indefinitely. This announcement also postponed commencement for the Spring 2020 graduating class.

32. The University has not held any in-person classes since March 6, 2020 for undergraduate students. All classes since March 16, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

33. All of the University's branches and campuses followed similar protocols and procedures in response to COVID-19.

34. Most of the services for which the Mandatory Fee was assessed were also terminated or cancelled at or about this time, such as access to University health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person commencement.

35. Although the University has provided an option to receive a refund for pro-rated meal and housing costs, the University has not provided reimbursement or refund information regarding tuition or the Mandatory Fee.

36. In tacit acknowledgement that not rebating a pro-rata portion of tuition was improper for the period when there were no on-campus activities and only distanced online learning, the University decided to lower its tuition for students enrolled in courses during Summer 2020 session, which were scheduled to be online rather than in-person.

37. Further, the price difference in tuition paid for in-person education at the University as compared to tuition for the World Campus speaks for itself as to the contracted for value of education.

### *The University's Online Courses Are Separate and Distinct from the In-Person Instruction, For Which Plaintiffs and the Class Members Contracted with the University to Receive by Paying Tuition and Fees*

38. Students attending the University's Spring 2020 semester did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

39. On its website, the University markets the University's on-campus experience as a benefit of enrollment:

> **At Penn State, life happens on your time.**
>
> This isn't just about getting involved. At Penn State, clubs and organizations are about finding what matters to you, who you want to be, and how you want to live your life.
>
> Want something to cheer about? Intramural sports, club teams, and varsity athletics are here for you.
>
> Looking for a stage? Theater companies, improv groups, and musical ensembles will put you front and center.
>
> Looking for people who share your interests? Professional societies, special interest clubs, service groups, and social fraternities and sororities bring people together.

## University Park

The largest campus in the Penn State system, University Park is home to a diverse population of about 46,000 undergraduate students. Penn State University Park students enjoy passing iconic buildings like Old Main daily, while also taking advantage of amenities in new facilities like the Information Sciences and Technology Building or the Life Sciences Building.

Penn State University Park is located in the small city of State College, a quintessential college town with its small eateries and quirky shops that line the street marking the border between downtown and campus. Nestled near the base of Mount Nittany, the surrounding area of central Pennsylvania is known as "Happy Valley."

**CAMPUS**

## Behrend

Penn State Behrend, The Behrend College, offers a wide range of opportunities to its students. The campus is close to Presque Isle State Park with its seven miles of sandy beaches and to ski and snowboard resorts. Minutes from downtown Erie, students find a wealth of activities to participate in both on- and off-campus. New facilities include an indoor athletics and recreation center, nineteen residence halls, a planetarium, and chapel. Services are also available to help international students meet their unique needs.

The 854-acre campus is in the northwest corner of the state, ninety minutes from Cleveland and Buffalo and two hours from Pittsburgh. Behrend also offers special services tailored to meet international students' needs.

40. This is true of its various campuses around the state, as the University explains on its website, students select their on-campus learning experience based on a variety of reasons:

9

*Penn State campuses are everywhere you are.*

> Some students choose to remain at one campus for all four years, while other students spend their first two years at one campus and transition to another for their remaining two years. To transition between campuses, the only requirement is that you meet the entrance to major requirements for your selected major. . . .
>
> Students choose this path for many reasons; some for the chance to stay close to home, others to save money. Still others are looking for a particular campus environment, perhaps smaller classes or particular sports. Whatever their reason and wherever their campus, they are excited to embark on their Penn State experience.

41. The University uses its website, promotional materials, circulars, admission papers, and publications to tout the benefit of being on campus and the education students will receive in its facilities.

42. The University acknowledges the reduction in benefit received from online education by providing reduced tuition for students who enroll in its World Campus, and in discounting the tuition for Summer 2020.

43. During the online portion of the Spring 2020 semester, the University principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students and among students that is instrumental in interpersonal skill development.

44. The online formats being used by the University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

45. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

46. Access to facilities such as libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and materials parts of the basis upon which the University can charge the tuition it charges, are not being provided.

47. The University has not made any refund of any portion of the tuition Plaintiffs and the members of the Class paid for the Spring 2020 semester for the period it moved to online distance learning even though it reduced tuition for students enrolled in Summer 2020, and even though the University's tuition for World Campus is significantly less.

48. Nor has the University refunded any portion of the Mandatory Fee it collected from Plaintiffs and the members of the Class for the Spring 2020 semester even though it closed or ceased operating the services and facilities for which the Mandatory Fee was intended to pay.

49. Plaintiffs and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fee they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed.

## CLASS ACTION ALLEGATIONS

50. Plaintiffs bring this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as: All persons who paid tuition and/or the Mandatory Fee for a student to attend in-person class(es) during the Spring 2020 semester at the University and any of its branch locations but had their class(es) moved to online learning (the "Class").

51. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

52. The requirements of Rule 23(a)(1) are satisfied. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiffs, the University has reported that an aggregate of 96,408 undergraduate and graduate students have enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the University and can be identified through the University's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

53. The requirements of Rule 23(a)(2) are satisfied. There are questions of law and fact common to the members of the Class including, without limitation:

   a. Whether the University accepted money from Plaintiffs and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the Spring 2020 semester;

   b. Whether Defendant breached its contracts with Plaintiffs and the members of the Class by failing to provide them with an in-person and on-campus live education after March 6, 2020;

   c. Whether Defendant breached its contracts with Plaintiffs and the Class by failing to provide the services and facilities to which the Mandatory Fee pertained after mid-March 2020;

   d. Whether Defendant is unjustly enriched by retaining a portion of the tuition and Mandatory Fee during the period of time the University has been closed, and Plaintiffs and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fee was paid;

e. Whether Defendant intentionally interfered with the rights of the Plaintiffs and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fee was intended to pay, all while retaining the tuition and Mandatory Fee paid by Plaintiffs and the Class; and

f. The amount of damages and other relief to be awarded to Plaintiffs and the Class members.

54. The requirements of Rule 23(a)(3) are satisfied. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that the University stopped providing in mid-March.

55. The requirements of Rule 23(a)(4) are satisfied. Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the other Class members who they seek to represent, Plaintiffs have retained competent counsel who are experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

56. Class certification of Plaintiffs' claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus,

be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiffs and the Class)

57. Plaintiffs repeat and re-allege the factual allegations above, as if fully alleged herein.

58. Plaintiffs bring this claim individually and on behalf of the members of the Class.

59. By paying the University tuition and the Mandatory Fee for the Spring 2020 semester, the University agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fee they paid pertained throughout the Spring 2020 semester. As a result, Plaintiffs and each member of the Class entered into a binding contract with the University.

60. Defendant is in possession of all contracts, materials, circulars, advertisements and the like between Plaintiffs and members of the Class on one hand, and the University on the other.

61. The University has breached its contract with Plaintiffs and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fee pertained throughout the Spring 2020 semester, yet has retained monies paid by Plaintiffs and the Class for a live in-person education and access to these services

and facilities during the entire Spring 2020 semester. Plaintiffs and the members of the Class have therefore been denied the benefit of their bargain.

62. Plaintiffs and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid equal to the reduction in contracted for education and services during the portion of time the Spring 2020 semester when in-person classes were discontinued and facilities were closed by the University.

63. The University should return such portions of the tuition and Mandatory Fee to Plaintiffs and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiffs and the Class)

64. Plaintiffs repeat and re-allege the factual allegations above, as if fully alleged herein.

65. Plaintiffs bring this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiffs and the Class do not have an enforceable contract with the University regarding the relief requested.

66. Plaintiffs and members of the Class conferred a benefit on the University in the form of tuition and the Mandatory Fee paid for the Spring 2020 semester. The payment of this tuition and Mandatory Fee was to be in exchange for an in-person, on-campus educational experience to be provided to Plaintiffs and the members of the Class throughout the Spring 2020 semester.

67. The University has retained the full benefit of the tuition and Mandatory Fee payments by Plaintiffs and the members of the Class for the Spring 2020 semester, yet has failed

to provide the quality of education and services and facilities for which tuition and the Mandatory Fee were paid, including those for an in-person and on-campus live education, and access to the University's services and facilities.

68. Instead, the University provided only the benefits and education similar to those provided to its World Campus students, who pay a significantly lower rate for such benefits and education.

69. The University's retention of all of the tuition and Mandatory Fee paid by Plaintiffs and members of the Class during the period of time the University has been closed, and Plaintiffs and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fee were paid, is unjust and inequitable under the circumstances.

70. Undoubtedly, the costs incurred for having an online only program is significantly lower than the overhead needed to provide classes and services on campus. This is evinced by the significantly lower tuition and Mandatory Fee paid by students enrolled in the University's World Campus.

71. The University already had the capabilities to provide online education through its use of its World Campus, and therefore, should not have incurred any additional costs in the transition.

72. Allowing the University to retain the tuition and Mandatory Fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by the University, unjustly enriches the Defendant.

73. Accordingly, the University has been unjustly enriched and should return the prorated portion of the tuition and Mandatory Fee that Plaintiffs and Class members each paid

equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when in-person classes were discontinued and facilities were closed by the University.

### **THIRD CLAIM FOR RELIEF**

### **CONVERSION**
### **(On Behalf of Plaintiffs and the Class)**

74. Plaintiffs repeat and re-allege the factual allegations above, as if fully alleged herein.

75. In the alternative to the First Claim For Relief, Plaintiffs bring this claim individually and on behalf of the members of the Class.

76. Plaintiffs and members of the Class provided the University with property in the form of funds (tuition and Mandatory Fees), to be in exchange for in-person on campus services, facilities and face to face instruction.

77. The University exercises control over Plaintiffs' and Class members' property.

78. The University intentionally interfered with Plaintiffs' and the Class members' property when it unilaterally moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiffs and the Class.

79. Class members demanded the return of their property proportionate to the reduction in benefit for education and services during remainder of the Spring 2020 semester when in-person and on-campus live education, and access to the University's services and facilities were unavailable.

80. The University's retention of the tuition and Mandatory Fee paid by Plaintiffs and the Class without providing the services for which they paid, deprived Plaintiffs and Class of the benefits for which the tuition and Mandatory Fee were paid, and of their funds paid for those benefits.

81. Plaintiffs and the Class members are entitled to the return of the pro-rated amounts of tuition and Mandatory Fee each paid equal to the reduction in benefit for education and services during the remainder of the Spring 2020 semester when in-person and on-campus live education, and access to the University's services and facilities were unavailable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered in favor of Plaintiffs and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiffs and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiffs' reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: August 20, 2020                    Respectfully submitted,

*s/ Gary F. Lynch*
Gary F. Lynch
Edward W. Ciolko*
Kelly K. Iverson
James P. McGraw
**CARLSON LYNCH LLP**
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
P (412) 322-9243
F. (412) 231-0246
E. glynch@carlsonlynch.com
   eciolko@carlsonlynch.com
   kiverson@carlsonlynch.com
   jmcgraw@carlsonlynch.com

*s/ Roy T. Willey IV*
Roy T. Willey, IV*
Eric M. Poulin*
**ANASTOPOULO LAW FIRM**
32 Ann Street
Charleston, SC 29403
Telephone: 843-614-8888
Roy@akimlawfirm.com
Eric@akimlawfirm.com

Joseph I. Marchese*
**BURSOR & FISHER, P.A.**
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com

*Counsel for Plaintiffs and Proposed Class*
*\*  pro hac vice application forthcoming*