UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN RAMEY, LOURDES BURGOS, and TYLER THOMSON, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiff,<br><br>  v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY,<br><br>    Defendant. | Case No. 2:20-cv-00753-RJC |

**DEFENDANT PENN STATE'S RESPONSE TO
<u>PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

James S. Urban (Pa. 82019)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219
Phone: (412) 391-3939
Fax: (412) 394-7959
Email: jsurban@jonesday.com

Leon F. DeJulius, Jr. (Pa. 90383)
Aaron Healey (Pa. 310803)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Fax: (212) 755-7306
Email: lfdejulius@jonesday.com
Email: ahealey@jonesday.com

Matthew A. Kairis
(admitted *pro hac vice*)
JONES DAY
2727 N. Harwood Street, Suite 600
Dallas, Texas 75201
Phone: (214) 969-3605
Fax: (214) 969-5100
Email: makairis@jonesday.com

*Counsel for The Pennsylvania State University*

# RESPONSE

In a case of déjà vu, Plaintiffs have filed a *third* Notice of Supplemental Authority, once again pointing to inapposite, non-controlling decisions from various other jurisdictions. To repeat: this litigation-by-constant-notice is pointless. Legal standards applicable to Plaintiffs' suit in Pennsylvania do not change based on the number of distinct COVID-related lawsuits that have been decided one way or the other. As with their past Notices, each of Plaintiffs' cited cases was decided based on legal principles inapplicable here. And at the same time, Plaintiffs (again) conspicuously decline to mention the numerous cases—generally sharing *greater* similarities with Plaintiffs' lawsuit against Penn State—that have been dismissed.

Once more, *none* of Plaintiffs' newly-cited cases involved a controlling forum selection clause in an express agreement between students and a university, and that alone fatally undermines any potential relevance. Moreover, in all of these cases except for two, courts relied on allegations of the contents of course catalogs and other one-sided university materials as potential elements to a contract—contrary to *Pennsylvania* law. *See Chong v. Northeastern Univ.*, No. 20-cv-10844, 2020 U.S. Dist. LEXIS 233923, at *7 (D. Mass. Dec. 14, 2020); *Bergeron v. Rochester Inst. of Tech*. No. 20-cv-6283, at *13 (W.D. N.Y. Dec. 18, 2020);[1] *Doe v. Bradley Univ.*, No. 20-cv-1264, 2020 U.S. Dist. LEXIS 240698, at *7 (C.D. Ill. Dec. 22, 2020); *Bahrani v. Northeastern Univ.*, No. 20-cv-753, 2020 WL 7774292, at *2 (D. Mass. Dec. 30, 2020); *In re: Boston Univ. COVID-19 Refund Litig.*, No. 20-cv-10827, Memorandum and Order, at 6–7 (D. Mass. Jan. 7, 2021) (also noting that the court "has not yet seen the documents relevant to" "billing and course registration," which might undercut plaintiff's allegations); *Hiatt*

---

[1] Also noteworthy is that in *Bergeron*, the court held that a parent lacked standing to sue on behalf of her non-minor child. 20-cv-6283, at *7.

*v. Brigham Young Univ.*, 2021 U.S. Dist. LEXIS 3269, No. 20-cv-00100, Opinion and Order, at *7–8 (D. Utah Jan. 7, 2021); *McCarthy v. Loyola Marymount Univ.*, No. 20-cv-04668, Opinion and Order, at *6 (C.D. Cal. Jan. 8, 2021); *Rhodes v. Embry-Riddle Aeronautical Univ., Inc.*, 2021 U.S. Dist. LEXIS 8047, No. 20-cv-927, Opinion and Order, at *9 (M.D. Fla. Jan. 14, 2021); *Grant v. Chapman Univ.*, No. 30-2020-01146699, Order, at *7 (Cal. Super. Ct. January 22, 2021). In the two remaining cases, there is little, if anything, to connect the allegations and court orders to this case. *See Garland v. Western Michigan Univ.,*, No. 20-000063-MK, at *8 (Mich. Ct. Cl. Jan. 6, 2021) (rejecting defendant's argument that there *was no* contract); *Verdini v. District Bd. of Trustees of Miami-Dade College*, No. 2020-17924-CA-44, Opinion and Order (Fla. 11th Cir. Ct. Feb. 1, 2021) (challenging only payments of fees and providing express contract for each fee detailing specific promises for each fee).

On the other hand, Plaintiffs ignore numerous court decisions—including three recent cases where Plaintiffs' counsel, Bursor & Fisher, was on the losing side—that dismissed nearly identical claims, for many of the same reasons that Penn State has urged this Court to dismiss Plaintiffs' case. For instance, in *Lindner v. Occidental College*, No. 20-cv-8481, 2020 WL 7350212 (C.D. Cal. Dec 11, 2020) (Exhibit 1), the court held that a parent lacked standing to sue on behalf of a non-minor child; that a claim that remote education was "sub-par" was a non-justiciable educational malpractice claim; that a mere generalized expectation of on-campus learning was insufficient to create a specific contractual promise; and that plaintiff could not maintain a claim for unjust enrichment because the relationship was undisputedly governed by a contract. *Id.* at *5-10; *see also, e.g.*, *Hassan v. Fordham Univ.*, No. 20-cv-3265, 2021 WL 293255 (S.D.N.Y. Jan. 1, 2021) (Exhibit 2) (dismissing complaint because plaintiffs identified no specific promise of on-campus instruction and nothing "tortious or fraudulent" to support an

2

unjust enrichment claim); *Gociman v. Loyola Univ. of Chicago*, No. 20-cv-3116, 2021 WL 243573 (N.D. Ill. Jan. 1, 20210) (Exhibit 3) (dismissing contract claim because alleged references in course materials were insufficient to create a specific promise of in-person education, and dismissing unjust enrichment claim because the parties' relationship was governed by a contract); *Mitelberg v. Stevens Institute of Tech.*, No. 20-cv-5748, Order (D.N.J. Jan. 22, 2021) (Exhibit 4) (dismissing complaint because parent lacked standing to sue on behalf of child); *Simmons v. Bd. of Trs. of N. Mich. Univ.*, No. 20-000083-MK, Opinion (Mich. Ct. Cl. Dec. 7, 2020) (Exhibit 5) (dismissing contract claim where plaintiff identified no specific promise of in-person education in any written materials, and dismissing unjust enrichment claim because there was a contract between the parties).

To the extent non-binding, out-of-circuit cases are relevant, they establish that this Court should dismiss Plaintiffs' complaint. Where courts rely on course catalogues, marketing materials, and similar one-sided communications as implied contractual promises, the case law to date indicates that they often decline to dismiss. But those are not appropriate materials for consideration in Pennsylvania. *Cohn v. Pennsylvania State Univ.*, No. 19-2857, 2020 WL 2770684 (E.D. Pa. May 28, 2020). Where courts do *not* rely on such materials (and even, often, when they do), they dismiss the complaint. And that is on top of the fact that in the present case, there *is* an identifiable, express contract: the Student Financial Responsibility Agreement. Further still, that Agreement also includes a binding forum selection clause that independently requires dismissal of Plaintiffs' claims. Plaintiffs' authorities thus do nothing to detract from Penn State's Motion to Dismiss, which the Court should grant in full.

| | |
|---|---|
| Dated:   February 17, 2021 | Respectfully submitted, |
| | */s/ Aaron Healey* |
| | Leon F. DeJulius, Jr. (Pa. 90383) |
| | Aaron Healey (Pa. 310803) |
| | JONES DAY |
| | 250 Vesey Street |
| | New York, NY 10281 |
| | Phone: (212) 326-3939 |
| | Fax: (212) 755-7306 |
| | Email: lfdejulius@jonesday.com |
| | Email: ahealey@jonesday.com |
| | |
| | James S. Urban (Pa. 82019) |
| | JONES DAY |
| | 500 Grant Street, Suite 4500 |
| | Pittsburgh, Pennsylvania 15219 |
| | Phone: (412) 391-3939 |
| | Fax: (412) 394-7959 |
| | Email: jsurban@jonesday.com |
| | |
| | Matthew A. Kairis |
| | (admitted *pro hac vice*) |
| | JONES DAY |
| | 2727 N. Harwood Street, Suite 600 |
| | Dallas, Texas 75201 |
| | Phone: (214) 969-3605 |
| | Fax: (214) 969-5100 |
| | Email: makairis@jonesday.com |
| | |
| | *Counsel for The Pennsylvania State University* |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Response to Plaintiffs' Third Notice of Supplemental Authority was filed on February 17, 2021, via the Court's electronic filing system, which will deliver copies of the filings to counsel of record.

*/s/ Aaron Healey*

Aaron Healey
