UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN RAMEY, LOURDES BURGOS, and TYLER THOMSON, *on behalf of themselves and all others similarly situated*,<br><br>               Plaintiff,<br><br>      v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY,<br><br>               Defendant. | Case No. 2:20-cv-00753-RJC |

**DEFENDANT PENN STATE'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

James S. Urban (Pa. 82019)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219
Phone: (412) 391-3939
Fax: (412) 394-7959
Email: jsurban@jonesday.com

Leon F. DeJulius, Jr. (Pa. 90383)
Aaron Healey (Pa. 310803)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Fax: (212) 755-7306
Email: lfdejulius@jonesday.com
Email: ahealey@jonesday.com

Matthew A. Kairis
(admitted *pro hac vice*)
JONES DAY
2727 N. Harwood Street, Suite 600
Dallas, Texas 75201
Phone: (214) 969-3605
Fax: (214) 969-5100
Email: makairis@jonesday.com

*Counsel for The Pennsylvania State University*

In recent decisions, two judges of the District Court for the Eastern District of Pennsylvania dismissed putative class action claims against two Pennsylvania universities, based on allegations nearly identical to Plaintiffs' allegations in this case. One involved a public university (Temple) and one involved a private university (Penn). As here, the universities identified Student Financial Responsibility Agreements that governed the university-student relationship. The plaintiffs in those two actions were even represented by the same attorneys as Plaintiffs here. They are the first two known decisions under Pennsylvania law—and both dismissed claims for tuition refunds.

*First*, in *Ryan v. Temple Univ.*, No. 20-cv-02164, Memorandum Opinion (E.D. Pa, April 22, 2021) (Exhibit 1), Judge Gallagher dismissed breach of contract and unjust enrichment claims against Temple. Like Penn State, Temple is a public university. *Id.* at 17 & n.10. Judge Gallagher "determined that the Student Financial Responsibility Agreement"—virtually identical to the SFRAs in the instant case—"is a fully integrated, valid contract governing the payment of tuition and fees." *Id.* at 14. And that was despite the fact that the contract lacked an express integration clause. *Id.* at 12 ("[A] writing is conclusively deemed to be a complete contractual arrangement when its terms impose explicit and definitive legal obligations upon the parties."). Because the Agreement made no promises regarding in-person instruction, the "[p]laintiffs' allegations do not state a plausible claim for breach of contract." *Id.* at 14. The court also rejected the plaintiffs' "implied contract" theory on multiple grounds. *Id.* at 16–17. To start, there could not be an implied contract where there was an explicit contract covering the same subject matter. *Id.* Moreover, plaintiffs failed to identify any specific promise for in-person classes, relying instead on "[v]ague or aspirational statements" in "publications like academic catalogues, student handbooks, mission statements, [and] marketing materials." *Id.* (citation

1

omitted). Such materials are not "contracts between students and *public* universities," and none of them contained an identifiable promise concerning in-person instruction, in any event. *Id.* (emphasis added). Finally, because the parties shared a contract, Judge Gallagher dismissed the unjust enrichment claim as well. *Id.* at 20.

In *Smith v. Univ. of Penn.*, No. 20-cv-2085, Memorandum Opinion (E.D. Pa., April 20, 2021) (Exhibit 2), Judge Savage dismissed most claims against the University of Pennsylvania. Unlike Penn State, Penn is a private institution, so Judge Savage held that the contract between Penn and its students included not only the Financial Responsibility Agreement, but also "Penn's University Catalog, registration materials, online fee descriptions, PennBook and any other pages of Penn's website providing information and resources for enrolled students." *Id.* at 13. Yet even looking to all those materials, Judge Savage still dismissed plaintiffs' breach claim for a tuition refund, because none of the materials contained an "express, written promise to provide in-person instruction." *Id.*; *see also id.* at 16 ("Some courts have denied motions to dismiss COVID-19 tuition refund cases, finding there was an implied contract to provide in-person classes. But, those decisions were grounded on state law that differed from Pennsylvania law.").[1] Judge Savage also held that, under Pennsylvania law, "[b]ecause the parties' relationship is governed by a contract, the plaintiffs cannot plead an unjust enrichment claim as an alternative cause of action." *Id.* at 19. And he dismissed plaintiffs' conversion claims because "Pennsylvania's gist of the action doctrine precludes a plaintiff from bringing what is actually a breach of contract claim as a tort claim." *Id.* at 20.

---

[1] Judge Savage allowed a claim for fees to proceed because, in his view, "descriptions on Penn's website" amounted to a specific promise to provide certain services in exchange for the fees. *Id.* at 18.

Penn State respectfully suggests these decisions are relevant to the questions presented in this case.

Dated: April 23, 2021

Respectfully submitted,

*/s/ Aaron Healey*
Leon F. DeJulius, Jr. (Pa. 90383)
Aaron Healey (Pa. 310803)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Fax: (212) 755-7306
Email: lfdejulius@jonesday.com
Email: ahealey@jonesday.com

James S. Urban (Pa. 82019)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219
Phone: (412) 391-3939
Fax: (412) 394-7959
Email: jsurban@jonesday.com

Matthew A. Kairis
(admitted *pro hac vice*)
JONES DAY
2727 N. Harwood Street, Suite 600
Dallas, Texas 75201
Phone: (214) 969-3605
Fax: (214) 969-5100
Email: makairis@jonesday.com

*Counsel for The Pennsylvania State University*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Notice of Supplemental Authority was filed on April 23, 2021, via the Court's electronic filing system, which will deliver copies of the filings to counsel of record.

*/s/ Aaron Healey*

Aaron Healey
