UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN RAMEY, LOURDES BURGOS, and TYLER THOMSON, *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>THE PENNSYLVANIA STATE UNIVERSITY,<br><br>        Defendant. | Case No. 2:20-cv-00753-RJC |

**DEFENDANT PENN STATE'S**
**SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

James S. Urban (Pa. 82019)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219
Phone: (412) 391-3939
Fax: (412) 394-7959
Email: jsurban@jonesday.com

Leon F. DeJulius, Jr. (Pa. 90383)
Aaron Healey (Pa. 310803)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Fax: (212) 755-7306
Email: lfdejulius@jonesday.com
Email: ahealey@jonesday.com

Matthew A. Kairis
(admitted *pro hac vice*)
JONES DAY
2727 N. Harwood Street, Suite 600
Dallas, Texas 75201
Phone: (214) 969-3605
Fax: (214) 969-5100
Email: makairis@jonesday.com

*Counsel for The Pennsylvania State University*

Penn State's first Notice of Supplemental Authority, ECF Doc. 32, identified two recent decisions from the Eastern District of Pennsylvania that dismissed COVID-based tuition and fee class action claims against Pennsylvania universities. Now, the *Western District* of Pennsylvania—this very Court—has issued a decision dismissing claims against the University of Pittsburgh ("Pitt"), a public university like Penn State. The claims asserted against Pitt are identical in every material respect to Plaintiffs' claims here against Penn State—indeed, they were also filed by the same lawyers that represent Plaintiffs here. Penn State respectfully suggests this decision is highly relevant to the questions presented in this case.

In *Hickey v. University of Pittsburgh*, No. 20-cv-690, ECF Doc. 45, Memorandum Opinion (E.D. Pa., April 27, 2021) (Ex. 1), Judge Stickman dismissed with prejudice a putative class action charging Pitt with breach of contract, unjust enrichment, and conversion, arising out of Pitt's campus closure and transition to remote learning in the wake of COVID-19. As here, the plaintiffs sought recovery of tuition and fees. As here, Pitt pointed to its Financial Responsibility Agreements with students and argued that no provision of those contracts had been breached. As here, Pennsylvania law governed.

Judge Stickman ruled for the University. He held that the Financial Responsibility Agreement was an "integral, valid, and written Agreement between the parties," that it "govern[ed] the parties' contractual relationship," and that "the University has not breached any specific promises created by [the] Agreement." *Id.* at 7. Judge Stickman also rejected the plaintiffs' implied contract theory. "Plaintiffs assert the University used its websites, promotional materials, circulars, admission papers, and publications to represent the benefit of the integral on-campus educational experience." *Id.* at 8. But "these materials do not constitute identifiable and specific promises," and the Court held them "inadequate" to "support a breach of

contract, even one implied in fact." *Id.* "Even in normal times," these "materials offer only a subjective view of what campus life *may* be." *Id.* at 9. In all events, the plaintiffs were "given the chance to complete their semester and earn college credits." *Id.*

The Court likewise dismissed the plaintiffs' non-contractual claims. Judge Stickman rejected the plaintiffs' claim for unjust enrichment both because "the parties' relationship is governed by a contract" and because they failed to "plead that the University's retention of funds was unjust." *Id.* at 10–11. The plaintiffs "continued to receive education and earn credits from a top-tier institution," which is "what they paid for." *Id.* at 11. Finally, the Court rejected the plaintiffs' claim for conversion because "[a]ny duties the University owed Plaintiffs . . . are the product of contract—making the tort of conversion inapplicable." *Id.* at 12.

In sum, this Court applied Pennsylvania law to identical claims and dismissed them in their entirety. Respectfully, the same outcome is appropriate here.

Dated: April 28, 2021

Respectfully submitted,

*/s/ Aaron Healey*
Leon F. DeJulius, Jr. (Pa. 90383)
Aaron Healey (Pa. 310803)
JONES DAY
250 Vesey Street
New York, NY 10281
Phone: (212) 326-3939
Fax: (212) 755-7306
Email: lfdejulius@jonesday.com
Email: ahealey@jonesday.com

James S. Urban (Pa. 82019)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, Pennsylvania 15219
Phone: (412) 391-3939
Fax: (412) 394-7959
Email: jsurban@jonesday.com

Matthew A. Kairis
(admitted *pro hac vice*)
JONES DAY
2727 N. Harwood Street, Suite 600
Dallas, Texas 75201
Phone: (214) 969-3605
Fax: (214) 969-5100
Email: makairis@jonesday.com

*Counsel for The Pennsylvania State University*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Second Notice of Supplemental Authority was filed on April 28, 2021, via the Court's electronic filing system, which will deliver copies of the filings to counsel of record.

*/s/ Aaron Healey*

Aaron Healey